United States District Court
Southern District of Texas

**ENTERED**

February 20, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | CRIMINAL ACTION |
| Plaintiff-Respondent | § | NO. 2:19-CR-00005-001 |
| | § | |
| V. | § | |
| | § | |
| ERIC RICHARD GARZA, | § | HABEAS ACTION NO. 2:25-CV-279 |
| | § | |
| Defendant-Movant | § | |

**MEMORANDUM OPINION & ORDER**

On October 20, 2025, Defendant Eric Richard Garza filed a motion under 28 U.S.C. § 2255 (D.E. 280), claiming that this Court did not have jurisdiction to increase his sentence on Count One when resentencing him pursuant to his prior appeal. On December 23, 2025, the Government filed its response. D.E. 285. Defendant filed a reply on January 20, 2026. D.E. 288.

The Fifth Circuit's mandate reversed the sentence on Count Two and remanded for resentencing. *See* D.E. 244, 245, p. 7, 264. Defendant already appealed the new sentence to the Fifth Circuit. D.E. 267. On appeal, the Fifth Circuit wrote,

> On remand, the district court resentenced Garza on Count One within a recalculated guidelines range to a higher sentence than initially imposed. Now, Garza argues that his resentencing violated our previous mandate.
>
> We review the issue de novo. *See United States v. Clark*, 816 F.3d 350, 360-61 (5th Cir. 2016). Here, we are persuaded that the district court complied with the letter and spirit of our mandate by resentencing Garza on Count One. *See United*

> *States v. Solorzano*, 65 F.4th 245, 249 n.4 (5th Cir. 2023);
> *Clark*, 816 F.3d at 360-61.

D.E. 278, p. 2. The Fifth Circuit entered its mandate, affirming this Court's judgment in its entirety. D.E. 277. For this reason, the Government urges the Court to summarily deny Defendant's § 2255 motion. D.E. 285.

Defendant argues that the Fifth Circuit's prior determination that the resentencing was consistent with its mandate did not address his current jurisdictional argument. D.E. 288, pp. 3-4. His jurisdictional argument is based on the premise that the Fifth Circuit mandate did not encompass resentencing on both counts. The Fifth Circuit held that the resentencing was, in fact, consistent with its mandate. Thus, Garza's "limited mandate" argument has no merit.

Additionally, the Court has reviewed Defendant's appellate briefs.[1] Neither one makes any argument that this Court lacked jurisdiction separate from the argument regarding the construction of the mandate. Assuming that this is a separate argument, Defendant's failure to raise the jurisdictional issue on appeal waives that issue under principles of res judicata. Our sister court in the Western District of Texas explained it well:

> [T]he Supreme Court has made clear that challenges to subject-matter jurisdiction may be waived for the purposes of a subsequent collateral attack. *See Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378-79, 60 S.Ct. 317, 84 L.Ed. 329 (1940). Unsurprisingly, the Fifth Circuit has applied the doctrine in numerous cases. *See, e.g., Picco v. Global*

---

[1] Defendant's Brief of Appellant, https://coa.circ5.dcn/ShowDoc.aspx?dlsId=7324862 and Reply Brief of Appellant, https://coa.circ5.dcn/ShowDoc.aspx?dlsId=7420231.

> *Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) ("A court's determination of its own jurisdiction is subject to the principles of res judicata; it generally may not be challenged in a collateral proceeding."); *U.S. v. Hansard*, No. 07-30090, 2007 WL 2141950, *1 (5th Cir. 2007) (per curiam) (unpublished decision) ("Rule 60(b)(4) relief, however, is not available .... A district court's exercise of subject matter jurisdiction, even if erroneous, is res judicata and is not subject to collateral attack through Rule 60(b)(4) if the party seeking to void the judgment had the opportunity previously to challenge jurisdiction and failed to do so."); *Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992) ("If the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack"). An exception to this rule is made only where there is "a clear usurpation of power or total want of jurisdiction." *Winograd v. Fowler*, No. 98–20660, 1999 WL 499565 at *2 (5th Cir. 1999) (per curiam) (unpublished decision).

*United States v. Zapata-Cortinas*, 351 F. Supp. 3d 1006, 1020–21 (W.D. Tex. 2018) (footnote omitted). The procedural rules do not permit multiple serial appeals of the same judgment. The judgment in this case is final. *See* D.E. 279.

While Defendant also invokes 18 U.S.C. § 3582(b) and § 3742(g), he does so only in an additional effort to interpret the mandate as narrow and having limited this Court's jurisdiction. While nothing in those provisions accomplishes what he hopes, the Court need not consider them because the judgment is final, even against Defendant's jurisdictional claims.

The Court determines that no hearing is necessary and that judgment is appropriate as a matter of law. The motion to vacate, set aside, or correct the sentence (D.E. 280) is **DENIED**. Because reasonable jurists could not disagree with this conclusion based on the

record before the Court, a certificate of appealability is **DENIED**. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002).

       **ORDERED** on February 20, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE